IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02617-PAB-KLM

TONYA RENEE McDANIEL,

    Plaintiff,

v.

DENVER LENDING GROUP, INC.,
UR FUNDED, LLC,
BAY VIEW LOAN,
CELINK, LLC SERVICING,
DELTA FUNDING CORP,
OCWEN FEDERAL BANK FSB,
HSBC BANK USA, NA,
DENVER PUBLIC TRUSTEE, and
JAGUAR ASSOCIATED GROUP, LLC,

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court on plaintiff's "Motion to Petition the U.S. District Court and Vacat [sic] Judgment at the County Court" [Docket No. 30] (the "Motion"). As a preliminary matter, the Motion does not comply with Federal Rule of Civil Procedure 5, which requires that any "pleading filed after the original complaint" be served on every party in the case, and that a certificate of service be filed "within a reasonable time after service." Fed. R. Civ. P. 5(a) & (d). Although plaintiff is proceeding *pro se*, her status does not relieve her of the obligation to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice of this Court. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). However, given plaintiff's *pro se* status, I liberally construe

her Motion as an *ex parte* request for entry of a temporary restraining order. See Fed. R. Civ. P. 65(b); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

In this action, plaintiff asserts several statutory and tort claims pursuant to federal and Colorado law based upon allegations that defendants engaged in deceptive lending practices. Although the Motion is less than clear, it appears that plaintiff is seeking to enjoin the execution of a state court judgment authorizing plaintiff's eviction from defaulted properties.

A temporary restraining order is extraordinary relief. *Soskin v. Reinertson*, 260 F. Supp. 2d 1055, 1057 (D. Colo. 2003). Pursuant to Federal Rule of Civil Procedure 65, the Court may issue a temporary restraining order without notice to the adverse party only where (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage" will result; and (2) the movant certifies the efforts made to provide advance notice to the adverse party. Neither element has been met here. Fed. R. Civ. P. 65(b). Plaintiff has not filed any verified statements which clearly set forth the exigency and scope of her alleged injury. Further, even if a consideration of the Motion would suffice, the Motion does not clearly set forth sufficient details regarding the irreparable or immediate nature of plaintiff's alleged injury, nor does it set forth the efforts made by plaintiff to give defendants notice of the relief requested.

Moreover, even if plaintiff's pleadings were sufficient to satisfy Rule 65(b)'s requirements, a federal court can enjoin state court proceedings only in rare circumstances. Indeed, "[t]he Anti-Injunction Act provides that a federal court 'may not grant an injunction to stay proceedings in a State court' except in three circumstances:

'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Weyerhaeuser Co. v. Wyatt*, 505 F.3d 1104, 1107 (10th Cir. 2007) (quoting 28 U.S.C. § 2283). Plaintiff has failed to meet any of these criteria. In any event, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (quoting *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970).

Because plaintiff has failed to show that she will suffer irreparable harm and because she has failed to raise an exception to the Anti-Injunction Act, the extraordinary remedy of entering a temporary restraining order is not warranted. Accordingly, it is

**ORDERED** that plaintiff's "Motion to Petition the U.S. District Court and Vacat [sic] Judgment at the County Court" [Docket No. 30] is DENIED.

DATED February 18, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge