IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02617-PAB-KLM

TONYA RENEE McDANIEL,

　　　　Plaintiff,

v.

DENVER LENDING GROUP, INC.,
UR FUNDED, LLC,
BAY VIEW LOAN,
CELINK, LLC SERVICING,
DELTA FUNDING CORP,
OCWEN FEDERAL BANK FSB,
HSBC BANK USA, NA,
DENVER PUBLIC TRUSTEE, and
JAGUAR ASSOCIATED GROUP, LLC,

　　　　Defendants.

_____

**ORDER GRANTING STAY**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　　　This matter is before the Court on **Motion of Defendant Bayview Loan Servicing,**

**LLC for a Partial Stay of Proceedings** [Docket No. 22; Filed January 30, 2009] (the

"Motion").  Defendant Bayview informs the Court that Defendants Ocwen and HSBC, who

are the only other Defendants to appear in this case, join in requesting that the case be

stayed pending a determination on the Motions to Dismiss [Docket Nos. 14 & 18].  Plaintiff

filed a Response in opposition to the Motion on February 19, 2009 [Docket No. 36].[1]

_____

[1] The Court notes that Plaintiff's Response to the Motion also doubles as a response to
Defendants' Motions to Dismiss.  At a previous status conference held by this Court [Docket No.
29], the Court set deadlines for Plaintiff to provide separate responses to the Motions to Dismiss
and the present Motion.  Plaintiff's combined response fails to comply with my prior Order.
However, considering Plaintiff's *pro se* status, I will consider it.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED** for the reasons set forth below.

Although stays are generally disfavored in this District, stays have frequently been imposed while dispositive motions are pending. To determine whether a stay is appropriate, the Court weighs several factors. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished decision) (denoting a five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.* Here, those factors weigh in favor of entry of a stay.

Plaintiff appears to oppose a stay due to the "interests of justice." *Response* [#36] at 7. By contrast, Defendants argue that given their various meritorious arguments regarding the propriety of the legal claims asserted against them in Plaintiff's complaint, they would suffer an undue burden in proceeding with the case until those defenses are resolved. While the ordinary burdens associated with litigating a case do not usually constitute an undue burden, a review of the pending Motions to Dismiss reveal that the opportunity for Plaintiff to pursue her claims to trial, at least as to these Defendants, is not assured.[2] Moreover, the Court notes that Plaintiff's putative motions for entry of a temporary restraining order prohibiting her eviction from default properties have already been denied by the District Judge [Docket Nos. 33 & 42]. On balance, under the circumstances, the Court determines that the burden on Defendants of going forward with

---

[2] The Court expresses no opinion about the merits of the Motions to Dismiss, but merely notes that Defendants have set forth plausible grounds for their Motions.

discovery outweighs Plaintiff's desire to have her case proceed expeditiously.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompts the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of the suit" when, as here, potentially meritorious dispositive motions are pending. *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, 2007 WL 4165397, at *2 (D.C.Cir. Nov. 27, 2007) (unpublished decision); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Likewise, the imposition of a stay pending a decision on a dispositive motion that may fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous*, 201 F.R.D at 5. Finally, this case relates to the foreclosure of certain property owned by Plaintiff due to the alleged misconduct of Defendants. *See First Amended Complaint* [#1-2] at 2-5. As such, there do not appear to be compelling nonparty or public interests triggered by the facts at issue.

Although Defendants propose that the Court hold a Scheduling Conference in this matter,

IT IS FURTHER **ORDERED** that the Scheduling Conference set for March 30, 2009 at 9:00 a.m. is **vacated**, and will be reset, if appropriate, after adjudication of the pending Motions to Dismiss.

IT IS FURTHER **ORDERED** that the case is stayed as between Plaintiff and Defendants Bayview, Ocwen and HSBC only. Plaintiff's responsibility to serve the remaining Defendants and file proofs of service which comply with the Federal Rules of Civil Procedure remains in effect.

Dated: March 16, 2009

BY THE COURT:

_ s/ Kristen L. Mix_____
United States Magistrate Judge
Kristen L. Mix